**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

EDWARD WARGO,

    Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No. 1:25-cv-14133

Judge Robert W. Gettleman

Magistrate Judge Beth W. Jantz

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

1. I am an attorney at JiangIP LLC, of counsel for Plaintiff Edward Wargo in this action. I am admitted to practice law in the States of Illinois and California. I make this Declaration based on my personal knowledge, except where stated on information and belief, and if called to testify I could and would do so competently. The matters below regarding (a) the structure and operation of the People's Republic of China ("PRC") business-registration system, (b) Chinese-character addresses and Chinese-language mapping services, and (c) the platform records of the Defendants rest on the following bases: I was born and raised in the PRC, where I resided for approximately twenty years; I am a native speaker of Mandarin Chinese with full reading proficiency in simplified Chinese characters; I personally reviewed each platform and registry record described below; and I have direct professional familiarity with the PRC entity-registration system and with Chinese-language mapping services (Baidu Maps and Amap). I make this

1

Declaration in support of Plaintiff's Renewed Motion for Entry of Default and Default Judgment against the Defendants identified in First Amended Schedule A.

2. The Court's Order directs Plaintiff to address (1) whether the addresses of the Defendants are known and (2), if the addresses are not known, the efforts Plaintiff undertook to discover them. This Declaration and the accompanying Exhibits A and B address both questions. The Hague Service Convention, by its own terms, "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362.

3. **Address ascertained.** For each of the 51 Defendants addressed in this Declaration, I began with the address, if any, that the platform states for the seller, as reflected in Plaintiff's Schedule of Defendants. One Defendant (No. 94) states no address; the stated address, or its absence, for each Defendant is set out in Exhibit A.

4. **Address searched (efforts undertaken).** For each Defendant for which the platform stated an address, the stated address was searched on five independent, publicly available resources — a Google web search, a Baidu web search, Google Maps, Baidu Maps (百度地图), and Amap (高德地图) — and a screenshot of each search was captured. The mechanical searching and screen-capture was performed by me or by a research associate working under my direction and supervision; but I personally examined every capture, and I personally read and interpreted the Chinese-language search results. I am able to do so as a native reader and writer of Chinese who is familiar with Chinese-language mapping services and with the way Chinese addresses are structured. The captures for each Defendant (the five searches described above) are collected, by Defendant, in Exhibit A. No. 94, whose page states no address, could not be searched.

5. **Map results.** Reading and interpreting the Chinese-language map results myself, I determined that for each of the 50 Defendants with a stated address the searches did not verify the stated address as a real, current location connected to the Defendant. For each of those Defendants the searches either (a) did not locate the stated address at all; (b) resolved only to a broad district, township, or village rather than the stated street and unit; (c) returned different, unrelated establishments; or (d) showed the stated unit to be an "office-only" (仅限办公) registration or a shared workstation (工位) rather than the Defendant's own premises. The specific result for each Defendant is stated in Exhibit A. No Defendant's stated address verified on the maps as a real, current location connected to the Defendant.

6. **PRC and Hong Kong business-registry check**. I personally searched each defendant's platform-disclosed Business Name against the Tianyancha (天眼查) PRC business-registry database and read the Chinese-language registry records myself; the results are compiled in Exhibit B. Forty-eight defendants with mainland-China addresses returned no matching registered entity or a registered entity that could not be verified as the defendant; nine of these defendants returned multiple results, none of which matched. Three defendants had Hong Kong addresses and were checked against the HK Companies Registry instead of Tianyancha. No defendant has a registered entity that can be verified as the "person to be served" within the meaning of Article 1.

7. **Conclusion.** For 51 defendants, no ascertainable registered entity exists that can be verified as the "person to be served" within the meaning of Article 1. Further, the address for all 51 defendants is not known within the meaning of Article 1 as the platform-stated

3

address does not verify (or was not stated), even though Plaintiff undertook the four-resource search and registry check described above in an effort to discover it.

8. Exhibit A is a true and correct compilation, for each searched Defendant, of the Google web, Baidu web, Google Maps, Baidu Maps, and Amap search captures described above. Exhibit B is a true and correct compilation of the Tianyancha and HK Companies Registry-check results described above. Both were prepared in the course of the investigation I conducted or supervised, and I personally read, interpreted, and reviewed the Chinese-language records they contain.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 29, 2026, at Chicago, Illinois.

/s/ Yanling Jiang
Yanling Jiang
*Counsel for Plaintiff*

4